UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B&G FOODS NORTH AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC, acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | CASE NO. 2:24-mc-00014 <br><br> ORDER GRANTING MOTION TO TRANSFER VENUE |

## 1. INTRODUCTION

This matter comes before the Court on non-party Institute for Environmental Health, Inc. ("IEH")'s motion consenting to the transfer of this matter to the Eastern District of California pursuant to Rule 45(f). Dkt. No. 8. Upon review of the motion, Plaintiff B&G Food North America, Inc.'s response, and IEH's response, the Court GRANTS the motion to transfer venue. Dkt. Nos. 8, 16, and 17.

ORDER GRANTING MOTION TO TRANSFER VENUE - 1

## 2. BACKGROUND

In March 2020, subpoenaing party, B&G Foods, sued Defendants Kim Embry and IEH to stop their Proposition 65 litigation in the Eastern District of California. *B&G Foods N. Am., Inc. v. Kim Embry and Env't Health Advocs., Inc.,* Case No. 2:20-cv-00526-KJM-DB (E.D. Cal. Mar. 6, 2020). IEH is Defendants' laboratory and has provided them with food testing for certain chemicals for years. Defendants have used these test results to file thousands of Proposition 65 claims.

B&G initially subpoenaed IEH for documents and testimony on June 16, 2023. Dkt. No. 1-1 at 93, 105. B&G served IEH again on November 7, 2023. Dkt. No. 10 at 2. IEH provided responses and objections to the subpoena on November 20, 2023. Dkt. Nos. 1-1 at 123–135; 10 at 2. IEH mailed documents to B&G Foods on November 24, 2023. Dkt. No. 10 at 3. B&G's counsel requested a meet and confer on December 13, 2023, about the production. Dkt. No. 10 at 4. The parties met and conferred on December 20, 2023. Dkt. Nos. 1-1 at 13; 10 at 5. B&G informed IEH that it had not received any documents from B&G. Dkt. No. 10 at 6. IEH mailed a copy of both document productions on December 18, 2023. *Id.* On January 8, 2024, IEH supplemented its production. Dkt. No. 1-1 at 4. On January 16, 2024, B&G served IEH with a third amended subpoena. Dkt. No. 1-1 at 3, 107.

On February 5, 2024, B&G informed IEH that it had not produced documents responsive to 12 requests and had not completed its production for 20 additional requests. Dkt. Nos. 1-1 at 139

On March 6, 2024, B&G moved to compel IEH to produce responsive documents and to designate a corporate deponent to testify in response to the January 24, 2024 subpoena. Dkt. No. 1.

### 3.  DISCUSSION

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Although local resolution of subpoena disputes is preferred, the 2013 Advisory Committee's Note advises "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Advisory Committee's Note on the 2013 Amendment, Fed. R. Civ. P. 45. Rule 45 is intended to protect nonparties by enabling disputes about subpoenas to be resolved locally, but "transfer to the court where the action is pending is sometimes warranted." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments.

This case is an unusual circumstance. IEH, the subject of the Rule 45 subpoena, consents to the transfer of the motion to enforce its subpoena to the Eastern District of California. It is the Plaintiff, the subpoenaing party, who opposes the transfer. However, "[r]ule 45(f) nowhere contemplates that parties seeking a subpoena can or would object to transfer back to the court where they originally filed suit, since they had presumably chosen their preferred jurisdiction

in the first instance." *Hall v. Marriott Int'l Inc.*, No. 21-MC-80165-TSH, 2021 WL 3129598, at *2 (N.D. Cal. July 23, 2021) (internal citation omitted).

For completeness, the Court also considers whether this matter presents "exceptional circumstances" warranting transfer under the second prong of Rule 45(f). Several factors support transferring these proceedings as an "exceptional circumstance." Based on the record before the Court, similar discovery issues have arisen in several districts and transfer of the proceedings will avoid inconsistent results. And there is no prejudice or undue burden to the parties or non-parties in litigating the motion to enforce in the Eastern District of California.

Under these circumstances, Rule 45(f) presents no bar to transfer the motion to enforce compliance back to the subpoena-issuing court. IEH's proactive consent to transfer provides sufficient grounds for this Court to grant the motion to transfer.

## 4.  CONCLUSION

For the reasons stated above, the Court GRANTS IEH's request to transfer the pending motion to enforce. The Clerk of the Court is directed to transfer this case to the Eastern District of California for consideration of B&G's motion to enforce its subpoena pending in the matter of *B&G Foods N. Am., Inc. v. Kim Embry and Env't Health Advocs., Inc.*, Case No. 2:20-cv-00526-KJM-DB. The Clerk is further directed to close the matter.

Dated this 14th day of May, 2024.

1
2    Jamal N. Whitehead
     United States District Judge
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

ORDER GRANTING MOTION TO TRANSFER VENUE - 5